IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sun Life Assurance Company of Canada, | ) | C/A No.:  3:24-cv-04212-MGL |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **(F.R.C.P. 22 INTERPLEADER)** |
| v. | ) | **(NON-JURY)** |
| | ) | |
| Sean Sheppard; Tammy McGarrigan; | ) | |
| Kelsey McGarrigan; Frank Sheppard, as | ) | |
| The Trustee of the Holly Sheppard Living | ) | |
| Trust; T.G., a minor Defendant; and A.G., | ) | |
| a minor Defendant. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Sun Life Assurance Company of Canada ("Sun Life"), complaining of the Defendants, would respectfully show the Court:

**GENERAL ALLEGATIONS**

1.     Plaintiff is an insurance company duly organized and existing pursuant to the laws of the country of Canada, with its principal place of business in the United States in Wellesley Hills, Massachusetts and is licensed to sell life insurance in the State of South Carolina.

2.     Upon information and belief, Defendant Sean Sheppard, is a resident and citizen of Ocala, Florida and is the brother of the decedent, Holly Sheppard ("Decedent").

3.     Upon information and belief, Defendant Tammy McGarrigan is Decedent's sister and is a resident and citizen of Lexington, South Carolina.

4.     Upon information and belief, Defendant Kelsey McGarrigan is Decedent's niece and is a resident and citizen of Lexington, South Carolina.

1

5.    Upon information and belief, Defendant Frank Sheppard is Decedent's bother and is a resident and citizen of Hilton Head, South Carolina, and is the Trustee of the Holly Sheppard Living Trust.

6.    Upon information and belief, the minor Defendants, T.G. and A.G., are Decedent's children, and are residents and citizens of Florida, and are potential beneficiaries under the Holly Sheppard Living Trust.

7.    Decedent's former employer, Barnabas Health ("Employer"), established and maintained group life insurance coverage with Plaintiff for the benefit of Barnabas' employees as part of an E.R.I.S.A. (29 U.S.C. § 1001 et seq.) governed employee welfare benefit plan ("the Group Life Plan"). A true and correct copy of the Group Life Plan is attached hereto as exhibit A and is incorporated herein as if set forth verbatim.

8.    Decedent was a participant in the Group Life Plan and was so covered at the time of her death.

9.    Benefits in the amount of Two Hundred Fifty Thousand and no/100 ($250,000.00) Dollars are payable under Decedent's Group Life Plan.

10.    This Court has jurisdiction of the parties and subject matter of this action pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, and E.R.I.S.A., 29 U.S.C. § 1132(a).  Upon information and belief, because Defendants Tammy McGarrigan, Kelsey McGarrigan and Frank Sheppard reside or may be found in South Carolina, venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2).

## FOR A FIRST CAUSE OF ACTION
### (F.R.C.P. 22 INTERPLEADER)

11.    The allegations of Paragraphs 1 through 10 are incorporated herein as if set forth verbatim.

12. Decedent was a covered insured under the Group Life Plan and benefits in the amount of Two Hundred Fifty Thousand and no/100 ($250,000.00) Dollars are payable under Decedent's Group Life Plan.

13. Upon information and belief, Decedent died on or about November 27, 2023, and the Group Life Plan proceeds, are now, therefore, subject to distribution. A true and correct copy of Decedent's death certificate is attached hereto as Exhibit B and is incorporated herein.

14. Prior to Decedent's death, Decedent submitted a Beneficiary Designation Form to Sun Life. A true and correct copy of Decedent's Beneficiary Designation Form is attached hereto as Exhibit C and is incorporated herein. The instructions on the Beneficiary Designation Form stated:

.   .   .

2. Beneficiary Designation

For Primary beneficiaries, indicate who should receive the group life or AD&D insurance proceeds in the event of your death.

For Secondary (also known as Contingent) beneficiaries, indicate who should receive the group insurance benefits in the event that all of your Primary beneficiaries are no longer living at the time of your death. Please make your beneficiary designation(s)below. If you need space attach another sheet to this form.

You may designate more than one Primary or Secondary beneficiary. If you do, make sure to indicate the percentage share each should receive. The total within each class (Primary and Secondary) must equal 100%. If you do not specify percentages, surviving beneficiaries within the same class will share proceeds equally.

Decedent listed the following Primary beneficiaries in the blanks on the form:

Sean Sheppard - 33 1/3%; Tammy McGarrigan – 33 1/3%. Decedent then made a handwritten notation at the bottom on the first page of the form, which stated: "#10* all 33 1/3

3

go into trust under my last will and testament." Decedent went on to designate Kelsey McGarrigan as a Contingent beneficiary, but only listed her percentage as 33 1/3%.

15.     Plaintiff received a claim for the Group Life Plan benefits from Sean Sheppard on March 13, 2024. A true and correct copy of Sean Sheppard's Claimant's Statement is attached hereto as Exhibit D and is incorporated herein.

16.     Plaintiff received a claim for the Group Life Plan benefits from Tammy McGarrigan on January 5, 2024. A true and correct copy of Tammy McGarrigan's Claimant's Statement is attached hereto as Exhibit E and is incorporated herein.

17.     Plaintiff received a claim for the Group Life Plan benefits from Kelsey McGarrigan on January 8, 2024. A true and correct copy of Kelsey McGarrigan's Claimant's Statement is attached hereto as Exhibit F and is incorporated herein.

18.     Plaintiff received a claim for the Group Life Plan benefits from Frank Sheppard, as Trustee for the Holly Sheppard Living Trust on January 4, 2024. A true and correct copy of Frank Sheppard's Claimant's Statement is attached hereto as Exhibit G and is incorporated herein.

19.     Plaintiff has received competing claims for the Policy proceeds from all of the Defendants.

20.     Plaintiff is uncertain as to the proper beneficiary or beneficiaries and the proper distribution of the Group Life Plan proceeds.

21.     Plaintiff is not able to determine what portion of the Group Life Plan proceeds, if any, each Defendant is entitled.

22.     Were Plaintiff to attempt to distribute the Group Life Plan proceeds at this time, Defendants' claims are such that Plaintiff may be exposed to double or multiple liability.

23.     Pursuant to Federal Rule of Civil Procedure 22, Plaintiff seeks to deposit with the Court the  Group Life Plan's proceeds in the amount of Two Hundred Fifty Thousand and no/100 ($250,000.00) Dollars, representing the full amount of benefits due under the Group Life Plan, and, thereby, entitling Plaintiff to a full discharge from any and all liability under the Group Life Plan.  Plaintiff further alleges that it is entitled to recover attorney's fees pursuant to 29 U.S.C. § 1132(g), and F.R.C.P. 22.

**WHEREFORE**, pursuant to F.R.C.P. 22 and 29 U.S.C. § 1132(g), Plaintiff prays that it be allowed to deposit with the Court the full Group Life Plan proceeds of Two Hundred Fifty Thousand and no/100 ($250,000.00) Dollars; that it be released from liability as to any and all claims relating to or concerning the Group Life Plan; that Plaintiff be awarded attorney fees; that the action continue as between the Defendants; and for such other relief as the Court may deem just and proper.

s/  Theodore D. Willard, Jr.
Theodore D. Willard, Jr.
Federal I.D. No. 5136
**MONTGOMERY WILLARD, LLC**
1002 Calhoun Street
Post Office Box 11886
Columbia, South Carolina 29211-1886
Telephone: (803) 779-3500

ATTORNEYS FOR THE PLAINTIFF

July 30, 2024
Columbia, South Carolina